UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHELBY PATTERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-65-SEP |
| BRISTOL WEST INSURANCE COMPANY, et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on pro se plaintiff Shelby Patterson's ("Plaintiff") motion for leave to commence this civil action without payment of the required filing fee. After reviewing plaintiff's financial information, the Court grants Plaintiff leave to proceed without payment of the filing fee. Also, the Court will direct Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff's action arises out of a car accident that occurred on January 14, 2015 in St. Louis County. Plaintiff was driving a rented 2014 Ford Focus SE, for which he had bought two separate insurance policies through National Casualty Company. Plaintiff's car collided with a car driven by Quantrell Wilkes, an uninsured motorist. An investigation revealed Plaintiff was at fault, and Plaintiff's insurance paid out on the policy to plaintiff's two passengers and to Quantrell Wilkes. Plaintiff, himself, did not receive any insurance benefits from either policy despite being injured.

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without

exception." *Kessler v. Nat'l Enters. Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). The statute conferring diversity jurisdiction in federal court is to be strictly construed. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Therefore, the Court may only hear this case if diversity jurisdiction exists.

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity of citizenship between plaintiffs and defendants. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). To establish complete diversity of citizenship, the complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

Here, Plaintiff does not allege the citizenship of Defendants Bristol West Insurance Company, Farmers Insurance Company, Scottsdale Indemnity Company, or SDI Subrogation Division. Assuming these Defendants are corporations, Plaintiff must include allegations of each company's state of incorporation and principal place of business. *See id.*; 28 U.S.C. § 1332. Additionally, although Plaintiff does not list Quantrell Wilkes, the other driver, as a defendant in the caption of the case, he refers to Quantrell Wilkes throughout the complaint as a defendant. Count I of the complaint states a cause of action for personal injury against Quantrell Wilkes. In

Count III, Plaintiff states that he is bringing "his personal injury lawsuit against the Defendants Quantrell Wilkes (hereinafter referred to as Defendant 1)." Plaintiff alleges, however, that both he and Wilkes are citizens of the state of Missouri. As such, no diversity jurisdiction exists.

Furthermore, Plaintiff seeks as damages "more than $15,000," but does not quantify a specific amount. Although he also seeks punitive damages, which are included in the amount in controversy, "the existence of the required amount must be supported by competent proof." *OnePoint*, 486 F.3d at 348. Plaintiff has not alleged the amount of punitive damages sought, nor has he supplied any proof that a punitive damages award would exceed $60,000. Therefore, the Court cannot find that the amount in controversy meets the jurisdictional requirement of $75,000.

Plaintiff's complaint is procedurally defective because it does not allege the citizenship of defendants Bristol West Insurance Company, Farmers Insurance Company, Scottsdale Indemnity Company, or SDI Subrogation Division. Moreover, it lists Quantrell Wilkes's citizenship as Missouri, which defeats jurisdiction. Finally, Plaintiff has not supplied competent proof that the amount in controversy will exceed the jurisdictionally required amount of $75,000. As a result, the Court will order Plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that Plaintiff must show cause in writing no later than **February 25, 2020**, why this action should not be dismissed for lack of federal jurisdiction.

**IT IS FURTHER ORDERED** that if Plaintiff does not timely and fully comply with this order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

Dated this   27th   day of February, 2020.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE